**Fred John DE COTEAU, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**
**No. 16290.**

United States Court of Appeals
Eighth Circuit.

April 13, 1960.

---

Jerome W. Shermoen, Fargo, N. D. (appointed by the Court) filed brief for appellant.

Robert Vogel, U. S. Atty., Fargo, N. D., filed brief for appellee.

Before SANBORN, WOODROUGH and MATTHES, Circuit Judges.

PER CURIAM.

This is an appeal in forma pauperis from an order of the District Court dated June 9, 1959, denying what the appellant calls a "Petition for an Extraordinary Writ of Habeas Corpus," but which is to be regarded as a motion under 28 U.S.C. § 2255 to vacate the sentence of eight years imprisonment which was imposed on February 11, 1957, based upon the verdict of a jury finding him guilty of voluntary manslaughter and assault with a dangerous weapon. These offenses were charged, by indictment, to have been committed by the appellant on the Turtle Mountain Indian Reservation in North Dakota on July 31, 1955. He took no appeal from the sentence of February 11, 1957, and entered upon its execution.

The appellant has made several previous attempts to have his sentence vacated. On January 29, 1958—according to the brief of the United States Attorney—the appellant filed a motion for a writ of habeas corpus, which was denied by the District Court on February 24, 1958. On April 16, 1958, he filed a motion under 28 U.S.C. § 2255 to vacate his sentence. This was denied by the District Court on May 1, 1958. The appellant filed a notice of appeal from this order on May 9, 1958, and sought leave to proceed on appeal as a poor person. On May 27, 1958, leave to prosecute the appeal in forma pauperis was denied, the District Court certifying that it was frivolous and not taken in good faith. This Court, on July 17, 1958, sustained the District Court. The Supreme Court denied certiorari on January 12, 1959, 358 U.S. 935, 79 S.Ct. 325, 3 L.Ed.2d 307.

The District Court on July 13, 1959, granted the appellant leave to appeal in forma pauperis from its order of June 9, 1959, denying his petition for an "extraordinary writ of habeas corpus," being his last motion to vacate sentence, but on July 27, 1959, denied his petition

for a transcript of all proceedings at the trial.

This Court on October 21, 1959, upon motion of the appellant, appointed Mr. Jerome W. Shermoen, of the North Dakota Bar, to represent him on this appeal. We are much indebted to Mr. Shermoen for a brief on behalf of the appellant specifying appellant's grounds for believing that his sentence is invalid and should be vacated. Mr. Shermoen has done all that can be done for the appellant on this appeal.

The homicide of which the appellant was accused and subsequently convicted was caused by his automobile—in which he, his wife and child were riding—being deliberately driven into Roderick De-Coteau, killing him. The only question for determination at the trial was whether the appellant was the driver of the car. He was intoxicated when the killing occurred, and evidently at first believed that he was the driver of the death car, since, after first pleading not guilty to the crimes charged against him, he withdrew that plea and, on advice of his then counsel, entered a plea of guilty to manslaughter. The assault charge was then dismissed. Later, in the asserted belief that his wife was the driver of the car, he made a motion for a new trial, and at the hearing of that motion asked leave to withdraw his plea of guilty, which he was permitted to do. He was reindicted for the same offenses charged in the original indictment, and, upon his plea of not guilty, was tried to a jury and convicted of manslaughter and assault, and sentenced to imprisonment.

There is nothing in the record, other than appellant's assertions, which would justify this Court in even suspecting that the appellant's trial was unfair or that any of his constitutional rights were invaded or disregarded by the trial court. Concededly, his automobile caused the death of Roderick DeCoteau; concededly, the appellant was in it; concededly, he confessed, and thereafter sought to place the blame upon his wife. From all that appears in the record, the question of his guilt or innocence was for the jury.

This appeal is without merit. The judgment and sentence which he seeks to invalidate is invulnerable to attack.

The order appealed from is affirmed.